UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LUZ ESCALANTE and ADOLFO ESCALANTE,

       Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC.,

       Defendant.

_____/

**VERIFIED COMPLAINT**

COME NOW, Plaintiffs, LUZ ESCALANTE and ADOLFO ESCALANTE, by and through undersigned counsel, and bring this action against Defendant, SELECT PORTFOLIO SERVICING, INC. ("SPS"), and as grounds thereof alleges as follows:

**INTRODUCTION**

1. This action is brought by the instant consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and Florida Statutes §§559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

**JURISDICTION**

2. This court has jurisdiction under 28 U.S.C. §1331.

3. Under 28 U.S.C. §1367(a), this court has supplemental jurisdiction over Plaintiffs' state law FCCPA claims in that they are is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

1

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

4. Venue in this District is proper because Plaintiffs reside here and Defendant does business in this District.

## PARTIES

5. At all times relevant to this Complaint, LUZ ESCALANTE was and is a natural person, and/or a person with standing to bring a claim under the above-referenced statutes by virtue of being directly affected by violations of the FDCPA and FCCPA.

6. At all times relevant to this Complaint, ADOLFO ESCALANTE was and is a natural person, and/or a person with standing to bring a claim under the above-referenced statutes by virtue of being directly affected by violations of the FDCPA and FCCPA.

7. At all times relevant to this Complaint, Defendant, SPS, was and is a foreign corporation, formed under the law of the State of Utah, and has its principal place of business in Salt Lake City, Utah.

8. SPS refers to the subject loan as Account Number: 19628205 (the "Loan").

## BACKGROUND AND GENERAL ALLEGATIONS

9. On or about February 29, 2000, Plaintiffs executed a Promissory Note ("Note") in favor of Mortgage Professionals, Inc. ("MP, Inc."), in the amount of $248,000.00, to purchase real property located at 1300 Danbury Avenue, Davie, FL 33325 (the "Property").

10. To secure the money lent, Plaintiffs simultaneously executed a Mortgage ("Mortgage") on the Property, also in favor of MP, Inc.

11. Plaintiffs then moved into the Property which served, and continues to serve, as their primary residence and dwelling.

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

12. On or about September 8, 2016, Plaintiffs retained the Law Office of Phillip A. Ortiz, P.A. ("PAO, PA) as counsel. Since then, PAO, PA's name has been changed to The Firm Law Group, Inc., which remains one and the same entity as PAO, PA.

13. Shortly thereafter, the undersigned office submitted a loan modification package to the servicer at the time, JPMorgan Chase Bank, N.A. ("Chase"). The Chase Loan Number was: 3012833129.

14. As part of said modification request, a Third Party Authorization Form was sent to Chase, placing Chase on notice that the undersigned firm was representing Plaintiffs.

15. Furthermore, the undersigned office regularly called and spoke with Chase, regarding the status of the modification.

16. On or about December 12, 2016, a letter was generated by Chase and Sent Plaintiff's home address, informing them that their loan was being service transferred from Chase to SPS.

17. On or about December 29, 2016, a "Hello Letter" was generated by SPS and mailed to Plaintiffs' home address, informing them that SPS would begin servicing their loan on January 3, 2017.

18. In a two more Letters dated January 12, 2017, SPS sent to Plaintiffs' home address a Validation of Debt Notice and another Letter outlining their loss mitigation options.

19. Defendant also sent a Mortgage Statement, dated January 17, 2017, to Plaintiffs' home address.

20. Most recently, on January 19, 2017, Correspondence containing an Authorization for Automatic Withdrawal and Direct Payment Agreement was also sent to Plaintiffs' home address.

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

21. At all times material hereto, the Loan at issue was in default when SPS began servicing the Loan.

22. At all times material hereto, Defendant was on actual notice that Plaintiffs were represented by counsel with respect to the alleged debt owed and the loan modification, pursuant to the boarding process and procedures in place when receiving the Loan at issue from the previous servicer, Chase.

## COUNT I
## VIOLATION OF FCCPA, FLORIDA STATUTES §559.72

23. Plaintiff, LUZ ESCALANTE, re-alleges and re-incorporates Paragraphs 1 through 22.

24. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

25. Defendant sought to collect a debt from Plaintiff, LUZ ESCALANTE, arising from the Note and Mortgage incurred for Plaintiff's personal, family, or household purposes.

26. Florida Statutes §559.72 states:

> "In collecting debts, no person shall…
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

27. By virtue of the servicing notes and all business records transferred to SPS from Chase, during the extremely reliable boarding process that SPS has in place, SPS was aware that Plaintiff was represented by the undersigned, since the undersigned attorney began the loan modification process.

4

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

28. SPS, through its agents, representatives and/or employees acting within the scope of their authority, have violated the FCCPA in that Defendant contacted Plaintiff in connection with the collection of a debt, after Defendant knew that Plaintiff was represented by counsel, and had knowledge of counsel's name and address, in contravention of §559.72(18).

29. SPS, through its agents, representatives and/or employees acting within the scope of its authority knowingly violated Florida Statutes §559.72.

30. As a direct and proximate result of SPS's violation of the FCCPA, Plaintiff has been damaged, including but not limited to, loss of credit, mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

31. As a result of the above violations, pursuant to §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, LUZ ESCALANTE, respectfully request this Court enter judgment against SPS, for actual damages and statutory damages, along with costs and reasonably attorney's fees, pursuant to Florida Statutes §559.77(2), and for such other and further relief this Court deems just and proper.

## COUNT II
## VIOLATION OF FCCPA, FLORIDA STATUTES §559.72

32. Plaintiff, ADOLFO ESCALANTE, re-alleges and re-incorporates Paragraphs 1 through 22.

33. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

34. Defendant sought to collect a debt from Plaintiff, ADOLFO ESCALANTE, arising from the Note and Mortgage incurred for Plaintiff's personal, family, or household purposes.

35. Florida Statutes §559.72 states:

> "In collecting debts, no person shall…
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

36. By virtue of the servicing notes and all business records transferred to SPS from Chase, during the extremely reliable boarding process that SPS has in place, SPS was aware that Plaintiff was represented by the undersigned, since the undersigned attorney began the loan modification process.

37. SPS, through its agents, representatives and/or employees acting within the scope of their authority, have violated the FCCPA in that Defendant contacted Plaintiff, in connection with the collection of a debt, after Defendant knew that Plaintiff was represented by counsel, and had knowledge of counsel's name and address, in contravention of §559.72(18).

38. SPS, through its agents, representatives and/or employees acting within the scope of its authority knowingly violated Florida Statutes §559.72.

39. As a direct and proximate result of SPS's violation of the FCCPA, Plaintiff has been damaged, including but not limited to, loss of credit, mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

40. As a result of the above violations, pursuant to §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

WHEREFORE, Plaintiff, ADOLFO ESCALANTE, respectfully request this Court enter judgment against SPS, for actual damages and statutory damages, along with costs and reasonably attorney's fees, pursuant to Florida Statutes §559.77(2), and for such other and further relief this Court deems just and proper.

## COUNT III
## VIOLATION OF THE FDCPA, 15 U.S.C. §1692

41. Plaintiff, LUZ ESCALANTE, re-alleges and re-incorporates Paragraphs 1 through 22.

42. The FDCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

43. Defendant sought to collect a debt from Plaintiff, LUZ ESCALANTE, arising from the Note and Mortgage incurred by Plaintiff for personal, family, or household purposes.

44. Defendant did not originate the loan at issue, and the SPS acquired servicing rights to the Loan, after it was already in default, thus qualifying it as a debt collector within the meaning of the FDCPA.

45. 15 U.S.C. §1692c states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt:
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

46. SPS was aware that Plaintiff was represented by the undersigned since the undersigned attorney began the loan modification process, by virtue of the servicing notes and all

7
_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

business records contained and transferred to SPS from Chase, during the extremely reliable boarding process that SPS has in place.

47. SPS, through its agents, representatives and/or employees acting within the scope of their authority, have violated the FDCPA in that Defendant contacted Plaintiff, in connection with the collection of a debt, after Defendant knew that Plaintiff was represented by counsel, and had knowledge of counsel's name and address, in contravention of 15 U.S.C. §1692c.

48. As a direct and proximate result of SPS' violation of the FCCPA, Plaintiff, LUZ ESCALANTE, has been damaged, including but not limited to, loss of credit, mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

49. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages, together with additional statutory damages up to $1,000, together with court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, LUZ ESCALANTE, respectfully requests this Court enter judgment against SPS for actual damages, statutory damages, along with costs and reasonably attorney's fees, pursuant to 15 U.S.C. §1692k, and for such other and further relief this Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FDCPA, 15 U.S.C. §1692

50. Plaintiff, ADOLFO ESCALANTE, re-alleges and re-incorporates Paragraphs 1 through 22.

51. The FDCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

52. Defendant sought to collect a debt from Plaintiff, ADOLFO ESCALANTE, arising from the Note and Mortgage incurred by Plaintiff for personal, family, or household purposes.

53. Defendant did not originate the loan at issue, and the SPS acquired servicing rights to the Loan, after it was already in default., thus qualifying it as a debt collector within the meaning of the FDCPA.

54. 15 U.S.C. §1692c states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt:
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

55. SPS was aware that Plaintiff was represented by the undersigned since the undersigned attorney began the loan modification process, by virtue of the servicing notes and all business records contained and transferred to SPS from Chase, during the extremely reliable boarding process that SPS has in place.

56. SPS, through its agents, representatives and/or employees acting within the scope of their authority, have violated the FDCPA in that Defendant contacted Plaintiff, in connection with the collection of a debt, after Defendant knew that Plaintiff was represented by counsel, and had knowledge of counsel's name and address, in contravention of 15 U.S.C. §1692c.

57. As a direct and proximate result of SPS' violation of the FCCPA, Plaintiff, ADOLFO ESCALANTE, has been damaged, including but not limited to, loss of credit, mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

58. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages, together with additional statutory damages up to $1,000, together with court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, ADOLFO ESCALANTE, respectfully requests this Court enter judgment against SPS for actual damages, statutory damages, along with costs and reasonably attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, LUZ ESCALANTE and ADOLFO ESCALANTE, hereby demand a trial by jury.

[NO FURTHER TEXT]

_____
**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

## VERIFICATION

I, LUZ ESCALANTE, *sui juris,* having read the foregoing, hereby verify, under penalty of perjury, that the above statement of facts are true and correct.

*[signature]*
LUZ ESCALANTE

STATE OF FLORIDA        )
COUNTY OF Miami-Dade    )

Sworn to and subscribed before me as this 16th day of February, 2017, by **LUZ ESCALANTE** who deposes that it has read the foregoing Complaint and that the same is true and correct and is personally known to me.

PHILLIP ANDREW ORTIZ
MY COMMISSION #FF045376
EXPIRES August 13, 2017
(407) 398-0153    FloridaNotaryService.com

Signature of Notary Public
(Seal)

_____
Printed name of Notary Public

**The Firm Law Group**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ **ph** 305.693.8899 ▪ **fax** 305.901.1268
www.firmlawgroup.com

## VERIFICATION

I, ADOLFO ESCALANTE, *sui juris,* having read the foregoing, hereby verify, under penalty of perjury, that the above statement of facts are true and correct.

_____
ADOLFO ESCALANTE

STATE OF FLORIDA )
COUNTY OF Miami-Dade )

Sworn to and subscribed before me as this 16th day of February, 2017, by **ADOLFO ESCALANTE** who deposes that it has read the foregoing Complaint and that the same is true and correct and is personally known to me.

Signature of Notary Public
(Seal)



_____
Printed name of Notary Public

**THE FIRM LAW GROUP**
*Counsel for Plaintiffs*
6625 Miami Lakes Drive
Suite 316
Miami Lakes, FL 33014
Main: (305) 693-8899
Direct: (305) 520-9992
Fax: (305) 901-1280
Service: Service@firmlawgroup.com
Email: Phillip@firmlawgroup.com

By: /s/ *Phillip A. Ortiz*
**PHILLIP A. ORTIZ, ESQ.**
**FBN 98049**

The Firm Law Group
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 333014 ▪ ph 305.693.8899 ▪ fax 305.901.1268
www.firmlawgroup.com